UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ERIC NDAYIKEZA,<br>    Petitioner,<br><br>    v.<br><br>MICHAEL NESSINGER, *Warden,*<br>*Donald W. Wyatt Detention Facility*;<br>DAVID WESLING, *Acting Field Office*<br>*Director, U.S. Immigration and*<br>*Customs Enforcement, Boston Field*<br>*Office*; DAVID J. VENTURELLA,<br>*Senior Official Performing the Duties*<br>*of the Director, U.S. Immigration and*<br>*Customs Enforcement*; and<br>MARKWAYNE MULLIN, *Secretary of*<br>*U.S. Department of Homeland*<br>*Security,*<br>    Respondents. | No. 26-cv-435-JJM-PAS |

## ORDER

Eric Ndayikeza was arrested by Immigration and Customs Enforcement ("ICE") officers while he was picking up a package for work in a Walmart parking lot in Windham, Maine.  ECF No. 1 at 2.  He has filed a habeas petition under 28 U.S.C. § 2241, arguing that his arrest and continued detention by ICE is unlawful, and that he must be released and given a bond hearing before an immigration judge ("IJ") under 8 U.S.C. § 1226(a).  *Id.* at 4-5.  Mr. Ndayikeza also asks that the Court "[o]rder that ICE return all personal property to [him] upon release, including any government issued-IDs, including his work permit and driver's license."  *Id.* at 5.

In this case, unlike in most other immigration habeas cases, the Government concedes that Mr. Ndayikeza is subject to detention under Section 1226(a), the discretionary detention statute. ECF No. 5 at 2; *see Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437, at *1 (D.R.I. Oct. 27, 2025). Indeed, as of yesterday, Mr. Ndayikeza has been provided with a bond hearing and has been ordered released on a $3,000 bond. *See* ECF No. 6 at 1.

But there is still the issue over the return of Mr. Ndayikeza's government-issued identification, including his work permit and driver's license. The Government has seemingly taken the position, albeit in a footnote, that it is not obligated to return the property that ICE seized from Mr. Ndayikeza because "[a] habeas petition is not the proper forum for [Mr. Ndayikeza] to adjudicate a return of property." ECF No. 5 at 2 n.2. And, in its most recent filing to the Court confirming Mr. Ndayikeza's release on bond, the Government has not provided any assurance that it has returned Mr. Ndayikeza's property to him.

It is confounding that the Government would take this position. In case after case before this Court, the Government *itself* has specifically requested that, if the Court were to order a noncitizen's release from ICE detention, that it expressly permit the Government to transfer the noncitizen to ICE's Boston Field Office in Burlington, Massachusetts to allow for the return of property. *See, e.g., Pereira Porto v. Hyde*, No. 26-cv-155-JJM-PAS, 2026 WL 787893, at *1 (D.R.I. Mar. 20, 2026) ("Per its request, the Government is permitted to transfer [the noncitizen] to ICE's Boston Field Office in Burlington, Massachusetts for the sole purpose of processing his

2

release and allowing for any return of property."); *Cazeau v. Nessinger*, No. 26-cv-166-JJM-PAS, 2026 WL 800717, at *1 (D.R.I. Mar. 23, 2026) (same); *Lin v. Nessinger*, No. 26-cv-181-JJM-PAS, 2026 WL 883454, at *1 (D.R.I. Mar. 31, 2026) (same); *De Andrade v. Nessinger*, No. 26-cv-183-JJM-AEM, 2026 WL 925648, at *5 (D.R.I. Apr. 6, 2026) (same); *Herrera v. Nessinger*, No. 26-cv-237-JJM-PAS, 2026 WL 1133442, at *2 (D.R.I. Apr. 27, 2026) (same); *Gomez Garcia v. Nessinger*, No. 26-cv-239-JJM-PAS, 2026 WL 1133455, at *1 (D.R.I. Apr. 27, 2026) (same); *Ulloa Jimenes v. Wesling*, No. 26-cv-247-JJM-AEM, 2026 WL 1146095, at *1 (D.R.I. Apr. 28, 2026) (same); *Macas Gutama v. Nessinger*, No. 26-cv-277-JJM-PAS, 2026 WL 1256864, at *1 (D.R.I. May 7, 2026) (same); *Cos Castro v. Wesling*, No. 26-cv-274-JJM-PAS, 2026 WL 1266096, at *4 (D.R.I. May 8, 2026) (same); *Pacheco Guaman v. Nessinger*, No. 26-cv-292-JJM-AEM, 2026 WL 1353646, at *2 (D.R.I. May 15, 2026) (same); *Naula-Avila v. Nessinger*, No. 26-cv-301-JJM-AEM, 2026 WL 1370176, at *2 (D.R.I. May 16, 2026) (same); *Alvarado v. Wesling*, No. 26-cv-306-JJM-PAS, 2026 WL 1370177, at *3 (D.R.I. May 16, 2026) (same); *Macas Pacheco v. Wesling*, No. 26-cv-329-JJM-AEM, 2026 WL 1470245, at *3 (D.R.I. May 26, 2026) (same); *Da Silva Maia v. Nessinger*, No. 26-cv-332-JJM-PAS, 2026 WL 1506087, at *2 (D.R.I. May 28, 2026) (same); *Barbosa Da Silva v. Nessinger*, No. 26-cv-373-JJM-PAS, 2026 WL 1704770, at *2 (D.R.I. June 12, 2026) (same); *Guadron Alvarez v. Wesling*, No. 26-cv-374-JJM-PAS, 2026 WL 1707231, at *3 (D.R.I. June 12, 2026) (same); *Aguiar v. U.S. Dep't of Homeland Sec.*, No. 26-cv-391-JJM-PAS, 2026 WL 1786036, at *2 (D.R.I. June 22, 2026) (same);

*Teodoro v. Wesling*, No. 26-cv-395-JJM-AEM, 2026 WL 1802820, at *3 (D.R.I. June 23, 2026) (same).

But now that *the noncitizen* has requested that his property be returned to him, the Government suddenly takes a position that is irreconcilable with the dozens of previous habeas cases that it has defended against in recent months. The Government offers little explanation for this about-face and only cites out-of-circuit cases involving: (1) a former Guantanamo Bay detainee who had been repatriated to his native country by the time he filed his habeas petition; and (2) a state court prisoner bringing a petition under a different habeas statute, 28 U.S.C. § 2254. ECF No. 5 at 2 n.2 (citing *Ameziane v. Obama*, 58 F. Supp. 3d 99, 102 (D.D.C. 2014); *Burgess v. California*, No. 2:22-cv-0573-DAD-DMC-P, 2022 WL 4238265, at *1 (E.D. Cal. Sept. 14, 2022)). Needless to say, those two cases have no application here.

This Court has previously ordered the Government to facilitate the return of a noncitizen's property following his release from ICE custody. *See Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *4 (D.R.I. Feb. 24, 2026). In that case, after detaining a noncitizen and leaving his car in the middle of the road for days, ICE kept the noncitizen's car keys and told his wife—who had no driver's license and no other car—to travel 75 miles to collect the keys. *Id.* The Court granted the noncitizen's habeas petition and ordered, among other things, that the Government "immediately facilitate the return of [his] property." *Id.* Ordering otherwise would "only serve[ ] to reward the Government's lawless behavior," and the Court further noted that "'[t]his is not what civil enforcement looks like in a humane system of

4

government under law.'" *Id.* (quoting *Aroca v. Mason*, 819 F. Supp. 3d 517, 527 (S.D. W. Va. 2026)).

So too here. Indeed, "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). That authority includes the ability to put a person back in the position they were in before they were detained by ICE. *See Morales*, 2026 WL 508811, at \*4; *see also J.B.C.O. v. Bondi*, Nos. 26-424, 26-639, 26-778, 26-832, 26-1429, 2026 WL 638455, at \*4 (D. Minn. Mar. 6, 2026) (ordering the Government to release noncitizen petitioners "with all of their personal belongings or to return the belongings after [their] releases").

Accordingly, the Government is ORDERED to immediately facilitate the return of all personal property belonging to Mr. Ndayikeza, including any government-issued IDs, such as his work permit and driver's license. On or before Friday, July 10, 2026, the Government shall file a status report, telling the Court how it seeks to accomplish this return of property and/or confirming that the Government has already returned all of Mr. Ndayikeza's personal property back to him.

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

July 9, 2026

6